UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22114-RAR
(CASE NO. 14-CR-20895-RS-1)

**RICKY JERMAINE ATKINS**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

**ORDER DISMISSING MOTION FOR CLARIFICATION AND RECALL MANDATE**

    **THIS CAUSE** comes before the Court on *pro se* Movant Ricky Jermaine Atkins's "Motion for Clarification and Recall Mandate on Constitutional Violations Regarding the Sixth Amendment's Confrontation Clause" ("Mot."). [ECF No. 14]. Movant previously filed a motion to vacate under § 2255, [ECF No. 1], which was subsequently dismissed by the Court as an unauthorized second or successive petition. *See* Order Dismissing Motion to Vacate as Successive [ECF No. 6] at 3. Movant appealed the Court's Order of Dismissal, and that appeal is currently pending before the Eleventh Circuit Court of Appeals. *See Atkins v. United States*, No. 22-13137 (11th Cir. Sept. 15, 2022). In the instant Motion, Movant requests that the Court "recall its mandate on Docket Entry #6, Order Dismissing Motion to Vacate," Mot. at 1, and proceeds to argue that his conviction and sentence is unconstitutional due to the alleged use of "inadmissible hearsay and testimonial evidence" during his trial, *id.* at 7.

    The Court concedes that it is difficult to properly categorize this Motion. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine

whether the motion is, in effect, cognizable under a different remedial statutory framework."). On the one hand, the Motion could be construed as a motion under FED. R. CIV. P. 60(b) to correct a legal error post-judgment since it asks the Court to "recall its mandate." *See Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) ("Rule 60(b)(1) permits a district court to reopen a judgment for 'mistake, inadvertence, surprise, or excusable neglect[.]'"). On the other hand, the Motion also appears to add and augment the claims Movant originally raised in his § 2255 motion, so it could also conceivably be considered an amendment or supplement to the § 2255 motion under Rule 15. *See* FED. R. CIV. P. 15(a), (d). Which category the Motion falls into, however, is merely an academic question since the Court lacks subject-matter jurisdiction in any event. As the Court has already explained to Movant, any pleading which challenges the constitutionality of his conviction is a "second or successive" application for collateral review that cannot be considered by the Court unless he has first received authorization from the Eleventh Circuit. *See* Order Dismissing Motion to Vacate as Successive [ECF No. 6] at 2 ("Because Movant filed this successive motion without first obtaining permission from the appellate court, the Court is without jurisdiction to entertain it."). The Court, therefore, must **DISMISS** this Motion.

## PROCEDURAL HISTORY

After a jury trial, Movant was convicted of conspiracy to engage in sex trafficking of minors and two counts of sex trafficking of a minor. *See* Amended Judgment, *United States v. Atkins*, No. 14-CR-20895 (S.D. Fla. Apr. 26, 2016), ECF No. 187. The Eleventh Circuit Court of Appeals affirmed Movant's convictions and sentences. *See United States v. Atkins*, 702 F. App'x 890, 898 (11th Cir. 2017). After his direct appeal concluded, Movant filed his first § 2255 motion to vacate in Case No. 18-CV-22813. *See* Motion to Vacate, *Atkins v. United States*, No. 18-CV-22813 (S.D. Fla. July 13, 2018). The Court ultimately adopted Magistrate Judge Lisette M. Reid's

Report and Recommendation and denied the entirety of the Movant's first motion to vacate on the merits.  *See* Order Adopting Magistrate Judge's Report and Recommendation, *Atkins v. United States*, No. 18-CV-22813 (S.D. Fla. July 13, 2020), ECF No. 34, *certificate of appealability denied*, No. 20-13051 (11th Cir. June 17, 2021).  Movant then filed a second § 2255 motion to vacate in the instant case.  *See* Second Motion to Vacate [ECF No. 1].  The Court dismissed the Second Motion to Vacate, finding that "the Court is without jurisdiction to entertain it" because "Movant filed this successive motion without first obtaining permission from the appellate court[.]"  Order Dismissing Motion to Vacate as Successive [ECF No. 6] at 2.  Although Movant appealed the Court's decision to dismiss the Second Motion to Vacate, *see* Notice of Appeal [ECF No. 7], he still filed the instant Motion while his appeal is pending, *see* Mot.

## ANALYSIS

### A.  The Motion, if Construed Under Rule 60(b), is Second or Successive

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner is generally barred from filing a second or successive motion to vacate.  *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar.").  If the prisoner believes that his second or successive petition is sufficiently premised on either "newly discovered evidence" or "a new rule of constitutional law," he or she must first file an application "in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(2)–(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]").  A district court does not have the jurisdiction to entertain a successive § 2255 motion absent express authorization from the Eleventh Circuit.  *See Burton v. Stewart*, 549 U.S. 147, 157

(2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

AEDPA's rules regarding successive applications for collateral review also apply to Rule 60(b) motions seeking relief from a judgment denying a § 2555 motion to vacate. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("We have concluded, nevertheless, that the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief."). A Rule 60(b) motion is "properly construed as a second or successive § 2255 motion if it either (1) seeks to add a new ground for relief or (2) attacks the district court's prior resolution of a claim on the merits[.]" *Saint Surin v. United States*, 814 F. App'x 540, 542 (11th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Conversely, a Rule 60(b) motion will not be treated as a successive § 2255 motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In short, "Rule 60 motions for relief from judgment may not be used to evade the bar on second or successive [applications]." *Viera v. Fla. Dep't of Corr.*, 817 F. App'x 810, 812 (11th Cir. 2020) (citing *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc)).

Generally speaking, a district court retains jurisdiction over a Rule 60(b) motion, even if the movant has already filed a notice of appeal. *See Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("[W]e have held that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion."). The Eleventh Circuit has even held that the district court must consider the merits of a Rule 60(b) motion if it is collateral to the appeal of a § 2255 motion. *See Sutter v. United States*, 703 F. App'x 774, 776–77 (11th Cir. 2017). However,

this case is distinguishable from other, similar cases before the Eleventh Circuit.  The Court still lacks jurisdiction over the Motion—not because Movant has filed a notice of appeal—but because the Motion is substantively a second or successive petition that attacks "the federal court's resolution of a claim on the merits."  *Gonzalez*, 545 U.S. at 532.[1]  Naturally, if the Court did not have jurisdiction of the Second Motion to Vacate in this case due to its "second or successive" nature, it follows that it also does not have jurisdiction of the Rule 60(b) motion that realleges the same supposed defects in Movant's criminal case.  The Court therefore finds that the Motion, insofar as it can be considered a Rule 60(b) motion, must be dismissed for lack of subject-matter jurisdiction, otherwise the Court would be forced the consider the merits of a motion that, in any other circumstance, would have been dismissed as an unauthorized second or successive § 2255 motion.  *See Viera*, 817 F. App'x at 812 ("Rule 60 motions for relief from judgment may not be used to evade the bar on second or successive [§ 2255 motions].").

### B.  The Motion is Still "Second or Successive" Under Rule 15

The Court could also construe the Motion as an attempt to either file an amended § 2255 motion or to supplement the previously filed Second Motion to Vacate.  *See, e.g.*, Mot. at 2 (arguing, for the first time, that Movant's Confrontation Clause right was violated since he "did not have the opportunity to cross-examine either J.H. [or] Leo").  In general, a party cannot amend or supplement a pleading once he or she has filed a notice of appeal.  *See Garfield v. NDC Health*

---

[1] In contrast, the Court would have jurisdiction if the Motion attacked the Court's decision to label his Motion to Vacate as successive on procedural grounds. *See, e.g.*, *Gagnon v. United States*, No. 16-16569, 2017 WL 11664085, at *3 (11th Cir. June 16, 2017) ("Here, arguably, Gagnon's motion was properly construed as a Rule 60(b)(1) motion rather than a successive § 2255 motion because he did not present a new ground for relief from judgment. Rather, he contended that the district court did not conduct a merits determination on several of his claims and had based its conclusions on factual and legal errors.").  But Movant has instead reasserted the same substantive Confrontation Clause-based claims that he already raised in his Second Motion to Vacate. *See generally* Mot.  As a result, the Court has properly construed the Motion as a successive § 2255 motion because it does not challenge "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

*Corp.*, 466 F.3d 1255, 1260–61 (11th Cir. 2006) ("By filing an appeal in this matter, however, DeKalb elected to stand on its Second Amended Complaint and waived its right to further amendment."); *Llauro v. Tony*, No. 19-CV-20638, 2021 WL 861309, at *3 (S.D. Fla. Mar. 8, 2021) ("Because the instant Motion came after Plaintiffs filed their notice of appeal, which effectively caused the Dismissal Order to operate as a final judgment for purposes of conferring appellate jurisdiction pursuant to 28 U.S.C. § 1291, Plaintiffs' Motion under Rule 15(a) was not timely."). However, there is currently a split amongst the circuit courts of appeal as to what a district court should do if a movant attempts to amend his § 2255 motion after filing a notice of appeal. *Compare United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019) ("Thus, the resolution of the merits of the 'motion to amend' should remain stayed pending the resolution of the appeal with respect to the initial habeas petition."), *with Balbuena v. Sullivan*, 980 F.3d 619, 636–37 (9th Cir. 2020) ("Balbuena sought to add a new claim after the district court denied his petition and he appealed that denial. . . . [T]he district court properly considered [this] a second or successive application for habeas corpus relief.").[2]

That said, the issue presented in the circuit split is not present here. Several circuit courts have questioned whether it is proper to treat a motion to amend a § 2255 motion that is currently being appealed as "second or successive" since the original § 2255 motion would not be conclusively adjudicated on the merits until <u>after</u> the appeal ended. *See, e.g.*, *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete— *i.e.,* before the petitioner has lost on the merits and exhausted her appellate remedies."); *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("These same considerations lead us to conclude

---

[2] This same issue, in fact, is presently pending before a panel of the Eleventh Circuit. *See generally United States v. Taylor*, No. 20-11238 (11th Cir. Mar. 31, 2020).

that, in general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."); *see also Balbuena*, 980 F.3d at 637 ("[E]ach of these cases concluded that a habeas petition is not 'fully adjudicated' while its denial is pending on appeal and, therefore, a second petition filed while that appeal is pending is not a second or successive petition under § 2244.").

But the instant case is different. The § 2255 motion Movant seeks to amend is, in it of itself, already a second or successive § 2255 motion. *See* Order Dismissing Motion to Vacate as Successive [ECF No. 6] at 1 ("The instant motion is Movant's second attempt to vacate his criminal conviction."). Logically, any attempt to amend a second or successive § 2255 motion would also be an improperly successive motion. As the Court has already explained, it lacks subject matter jurisdiction to review an unauthorized second or successive motion or any other pleading that could fairly be construed as a successive motion seeking collateral relief from a federal conviction. *See Gonzalez*, 545 U.S. at 531 ("A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to [AEDPA's] requirements would be 'inconsistent with' the statute."). In short, no matter how the Court interprets it, the Motion is an explicit attempt to attack the legality of Movant's federal conviction and must therefore be construed as a "second or successive" application under AEDPA. *See* 28 U.S.C. § 2244(a).

## **CONCLUSION**

Because the Motion is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264

(11th Cir. 2020) ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A). In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion [ECF No. 14] is **DISMISSED** for lack of subject-matter jurisdiction. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Ricky Jermaine Atkins
07156-104
Jesup FCI
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599
PRO SE

Counsel of record